Filed 9/24/13  In re Tabitha K. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re TABITHA K., a Person Coming Under the Juvenile Court Law. | D063773 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ14752) |
| v. | |
| DEBORAH S., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Affirmed.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Deborah S. appeals a judgment declaring her minor daughter, Tabitha K., a dependent of the juvenile court under Welfare and Institutions Code section 300, subdivision (b),[1] and removing Tabitha from her custody. Deborah challenges the sufficiency of the evidence to support the court's dispositional findings and order. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2012, the police were called because nine-year-old Tabitha was at a busy intersection during rush hour, trying to get someone's attention for assistance. Tabitha's mother, Deborah, was lying on the street, unconscious from drinking excessive amounts of alcohol. Tabitha's father, Jeffrey K., was present but was also intoxicated and unable to supervise Tabitha. Deborah was taken to the hospital by ambulance and later charged with child cruelty and disorderly conduct. Tabitha was taken to Polinsky Children's Center.

An investigation of the December 1 incident by the San Diego County Health and Human Services Agency (Agency) revealed the parents had been drinking heavily that day in Tabitha's presence. Tabitha described how Deborah bought a half pint of vodka, which she did frequently, and drank it when they arrived at Jeffrey's house. The parents ignored Tabitha's pleas to stop drinking. As Tabitha and Deborah were walking to the bus station at the end of the day, Tabitha watched as Deborah passed out on the sidewalk.

---

[1] Statutory references are to the Welfare and Institutions Code.

When Tabitha was unable to awaken Deborah, she became frightened and cried because she thought Deborah had had a heart attack or was going to die.

The parents admitted they had a pattern of drinking alcohol and arguing in Tabitha's presence throughout her life. In July 2012, Deborah was hospitalized as a result of excessive drinking. Agency advised her to stop drinking and attend Alcoholics Anonymous (AA) meetings. Although Deborah attended AA meetings, she did not have a sponsor. She could not explain why she started drinking again.

Agency filed a petition in the juvenile court under section 300, subdivision (b), alleging Tabitha was at substantial risk of harm because of her parents' ongoing alcohol abuse. At the jurisdiction hearing, the parents submitted on the allegations of the petition, which the court then sustained. At the contested disposition hearing, the court declared Tabitha a dependent, removed her from parental custody and placed her with paternal relatives. The court ordered the parents to participate in reunification services. Specifically, Deborah was to enroll in substance abuse treatment, AA and therapy. The court authorized unlimited unsupervised visits with Tabitha, including overnight visits. Additionally, the court gave the social worker discretion to begin a 60-day extended visit with either parent, with the concurrence of all counsel.

## DISCUSSION

### I

Deborah challenges the dispositional order, contending the court should have ordered informal supervision under sections 301 and 360, subdivision (b), instead of declaring Tabitha a dependent. She asserts there was no evidence at the time of

3

disposition that Tabitha was suffering, or was at risk of suffering, serious physical or emotional harm or abuse.

A

Section 300, subdivision (b) provides a basis for juvenile court jurisdiction if the child has suffered, or there is a substantial risk the child will suffer, serious physical harm or illness as a result of the parent's failure to adequately supervise or protect the child or provide adequate medical treatment. In enacting section 300, the Legislature intended to protect children who are currently being abused or neglected, "and to ensure the safety, protection, and physical and emotional well-being of *children who are at risk of that harm*." (§ 300.2, italics added.) The court need not wait until a child is seriously abused or injured to assume jurisdiction and take steps necessary to protect the child. (*In re Heather A.* (1996) 52 Cal.App.4th 183, 194-196.) The focus of section 300 is on averting harm to the child. (*In re Jamie M.* (1982) 134 Cal.App.3d 530, 536.)

Once the court finds jurisdiction under section 300, it may, without adjudicating the child a dependent, order services "to keep the family together and place the child and the child's parent . . . under the supervision of the social worker for a time period consistent with [s]ection 301." (§ 360, subd. (b); *In re N.M.* (2011) 197 Cal.App.4th 159, 171.) Whether to exercise this option is a discretionary call for the juvenile court based on the child's best interests. (*In re N.M.*, *supra*, 197 Cal.App.4th at p. 171; *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1006.) We review the court's decision under section 360, subdivision (b) for abuse of discretion and will reverse only if that

4

determination exceeds the bounds of reason because it is arbitrary, capricious or patently absurd.  (*In re N.M.*, at p. 171; *In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

B

Here, the court had legitimate concerns about Tabitha's physical and emotional well-being to justify its order adjudicating her a dependent instead of opting for informal supervision under section 360, subdivision (b).  The evidence showed Deborah had a history of alcohol abuse that caused her to become incapacitated to the point of needing medical attention.  Although Deborah claims she stopped drinking and participated in AA, she was again hospitalized after drinking excessive amounts of alcohol in Tabitha's presence, stumbling to the bus stop and passing out on the street near a busy intersection during rush hour.  Consequently, Tabitha was at risk of being struck by a car as she tried to get assistance for Deborah.  Tabitha became upset and fearful, believing Deborah was going to die.  Deborah acknowledged she had exposed Tabitha to drinking and arguing with Jeffrey throughout Tabitha's life.  This was not, as Deborah characterized it, "a single drunk episode."  Her drinking was ongoing and likely to continue without juvenile court intervention.

Moreover, the evidence showed there was a strong risk of relapse based on Deborah's pattern of drinking and impairment which negatively affected Tabitha.  At the time of disposition, Deborah still lacked insight and had not yet shown she understood the underlying causes of her alcohol abuse.  She blamed her drinking on Jeffrey, yet spent the weekend with him once he was released from custody.  Deborah's substance abuse counselor said Deborah was just beginning to process her issues and still had "quite a bit

5

of work to do." Deborah had been complying with treatment and services for only four months. She was a month short of completing her treatment program, and was on a waiting list for individual therapy. Although Deborah had been making progress with addressing her alcohol addiction, a reasonable inference could be drawn that it was still premature to allow Tabitha to safely return home. The court did not abuse its discretion by declaring Tabitha a dependent instead of ordering informal supervision. (*In re N.M.*, *supra*, 197 Cal.App.4th at p. 171.)

## II

Deborah contends the court erred by removing Tabitha from her able, loving custody under section 361, subdivision (c). She asserts there were less drastic alternatives to removal, such as leaving Tabitha in her care with intensive in-home services.

## A

Before the court may order a child physically removed from his or her parent, it must find, by clear and convincing evidence, the child would be at substantial risk of harm if returned home, and there are no reasonable means by which the child can be protected without removal. (§ 361, subd. (c)(1); *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.) The jurisdictional findings constitute prima facie evidence the child cannot safely remain in the home. (§ 361, subd. (c)(1).)

We review the court's dispositional findings for substantial evidence. (*In re Lana S.* (2012) 207 Cal.App.4th 94, 105.) Evidence is "substantial" if it is reasonable, credible and of solid value. (*In re S.A.* (2010) 182 Cal.App.4th 1128, 1140.) We do not pass on

6

the credibility of witnesses, resolve conflicts in the evidence or weigh the evidence. Instead, we draw all reasonable inferences in support of the findings, view the record favorably to the juvenile court's order and affirm the order even if other evidence supports a contrary finding. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 52-53.) The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the findings or order. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.)

B

As we previously discussed with regard to the court's order declaring Tabitha a dependent child, the evidence showed Deborah has a lengthy history of alcohol abuse. She had previously tried to get sober, but relapsed. Her pattern of becoming intoxicated and incapacitated poses a serious risk to Tabitha's physical and emotional well-being. Thus, the court could reasonably find Tabitha would be at substantial risk of harm if returned home.

Further, although Deborah is successfully participating in treatment, she needs additional time to show she can maintain her sobriety. She still did not understand the underlying causes of her alcohol abuse, and continued to see Jeffrey even though he was a trigger for her drinking. From this, the court could reasonably find that returning Tabitha to Deborah's custody, even with Agency supervision and services in place, was not a feasible alternative to removal. (See *In re Jeannette S.* (1979) 94 Cal.App.3d 52, 60 [removal order proper if based on proof of parental inability to provide proper care for minor and proof of potential detriment to minor if he or she remains with parent].) Substantial evidence supports the court's dispositional order.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

8